**MISSOURI DISTRICT CHURCH OF THE NAZARENE, Michael Palmer, and John Bouldrey, Appellants/Cross–Respondents,**

v.

**FIRST CHURCH OF THE NAZARENE OF CARUTHERSVILLE, et al., Respondents/Cross–Appellants.**

Nos. SD 29813, SD 29817.

Missouri Court of Appeals,
Southern District,
Division Two.

May 12, 2010.

Robert A. Useted, Fred L. Vilbig, David A. Castleman, Kohn, Shands, Elbert, Gianoulakis & Giljum, LLP, St. Louis, for Appellants/Cross–Respondents.

James E. Reeves, W. Edward Reeves, Ward & Reeves, Caruthersville, for Respondents/Cross–Appellants.

DANIEL E. SCOTT, Chief Judge.

This litigation arises from a church rift and resulting dispute over ownership of church property. The circuit court decided the various claims and counterclaims by summary judgment, but on the record before us neither party proved its right to judgment as a matter of law. We reverse and remand.

## Background[1]

Missouri District Church of the Nazarene ("District") sued First Church of the Nazarene of Caruthersville and others (collectively "First Church") for ejectment, quiet title, and breach of fiduciary duty. The petition alleged in part that:

- First Church "is a former member of the Nazarene Church and a presently disorganized, but former local member church of the District."
- "The Manual of the Church of the Nazarene (the 'Manual') is the Bylaws for every local member church and governs all activities of the Nazarene Church, including the acquisition of property in the name of the church."
- District's governing body is its District Advisory Board.
- Per the Manual, if a local church becomes disorganized, title to its property shall pass to District "for the use of the Church of the Nazarene at large, as the district assembly shall direct."
- First Church had been disorganized and declared inactive by due action of the District Advisory Board.

District's petition primarily sought an adjudication that District now owned and was entitled to possess First Church's real estate.

First Church filed an answer denying that it was ever a "member" of District or that it was "disorganized," and stating that District's corporate charter limits its membership to members of the District Advisory Board, of which First Church was never a member. First Church denied that the Manual governed disposition of First Church's property, and stated that First Church was in good standing and its board had not designated District to receive its property. First Church counterclaimed

1. We present only the information necessary for resolution of these appeals.

for conversion and misappropriation of First Church funds and property, malicious litigation, slander of title, and malicious prosecution.[2]

Just three months after filing its pleadings, First Church sought summary judgment in its favor on all claims and counterclaims.[3] District did not file its own motion, but it was agreed at the motion hearing to treat District's defensive filings as a counter-motion for summary judgment. The circuit court heard argument, took the issues under advisement, and rendered summary judgment:

1. In favor of First Church on District's ejectment, quiet title, and breach of fiduciary duty claims and on First Church's counterclaim for conversion and misappropriation.

2. In favor of District on First Church's malicious litigation, slander of title, and malicious prosecution counterclaims.

■ Each party appeals the judgments entered in favor of the other, and agrees that the core issue is whether District or First Church is the rightful owner of the subject real estate under neutral principles of law.[4]

## Summary Judgment Principles

We review a summary judgment *de novo*, giving no deference to the trial court. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). This differs significantly from our review of court-tried cases. *See Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)(we must affirm judgment in court-tried case "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law"); *Truck Ins. Exchange v. Prairie Framing, LLC*, 162 S.W.3d 64, 95 (Mo. App.2005).

■ Summary judgment is improper unless the motion, response, reply and sur-reply show no genuine issue as to any material fact. *Amusement Centers, Inc. v. City of Lake Ozark*, 271 S.W.3d 18, 19 (Mo.App.2008). "The key to summary judgment," however, "is the undisputed right to judgment as a matter of law; not simply the absence of a fact question." *ITT*, 854 S.W.2d at 380.

These principles force us to reverse and remand. Key issues remain in dispute and the uncontroverted facts do not prove either party's right to judgment as a matter of law.

## Analysis

■ We begin with the summary judgments in favor of First Church. District's claim to the property is not based on record title, but on the Manual. First Church argues two reasons why such claim must

---

2. For ease of discussion, we will refer to counterclaim-defendants Palmer, Bouldrey, and District collectively as "District."

3. The motion reserved the issue of counterclaim damages for a later hearing.

4. In resolving religious property disputes, Missouri courts follow a neutral principles approach that relies on state property and trust law rather than religious doctrine. *Presbytery of Elijah Parish Lovejoy v. Jaeggi*, 682 S.W.2d 465, 467 (Mo. banc 1984). Courts may consider record title, deed language, relevant statutes, and church documents providing guidance or instruction on the ownership of church property, but must scrutinize the latter in secular terms without relying on religious precepts or concepts. *Reorganized Church of Jesus Christ of Latter Day Saints v. Thomas*, 758 S.W.2d 726, 729 (Mo.App.1988). Since we reverse and remand on procedural grounds, we need not further consider these principles at this time.

fail: (1) the Manual does not apply because First Church was not a District "member" and did not intend to be bound by the Manual; and (2) even if the Manual did apply, District did not follow the Manual's relevant provisions in purporting to "disorganize" First Church. The parties hotly disputed these membership, intent, and Manual-compliance issues in their summary judgment filings and still dispute them in this court.

Most of the uncontroverted facts are evidentiary in nature, some favoring District and others supporting First Church. The parties build competing arguments on the facts and inferences that favor themselves and minimize or ignore the facts supporting their opponent. For example, regarding First Church's "membership" and intent to be bound by the Manual, District cites First Church's request and receipt of District approval on decisions to borrow money, purchase church property, expand the sanctuary, and add church staff; and that First Church sent representatives to denominational meetings and submitted annual reports to District "which contained numerous citations to the Manual." First Church counter-argues evidence of its independence, such as its acquisition and ownership of property in its own name and with its own funds; its separate corporate existence predating District's incorporation; and its non-compliance with requirements that "each local church" adopt charter provisions (1) adopting the Manual as its by-laws and (2) that upon dissolution, its assets should go to the District Advisory Board.

■ Such arguments, like others by the parties, are appropriately directed to a factfinder authorized to weigh evidence, draw favorable inferences, consider credibility, and believe all, part, or none of any party's proof, but they are antithetical to summary judgment practice. Summary judgment is improper when the record includes competent evidence of two plausible but contradictory accounts of essential facts. *Amusement Centers,* 271 S.W.3d at 19. It is proper to weigh competing evidence at a trial, but "such is not the case where the same question is presented in the context of a motion for summary judgment." *See Great Rivers Habitat Alliance v. City of St. Peters,* 246 S.W.3d 556, 563–64 (Mo.App.2008).

"The key to summary judgment is the undisputed right to judgment as a matter of law." *ITT,* 854 S.W.2d at 380. That is, do uncontroverted facts lawfully yield one result and no others? *See Truck Ins. Exchange,* 162 S.W.3d at 95 (no right to judgment as a matter of law if court "cannot hold that the facts could lead to no other legal result").

■ First Church's summary judgment arguments fail because they hinge on disputed issues that can be resolved only by weighing the evidence. Faring no better are the judgments favoring District on First Church's counterclaims for malicious prosecution, malicious litigation, and slander of title. Malice was an issue in all these claims[5] and could be determined only by weighing the evidence pro and con.[6]

### Conclusion

We do not fault the circuit court or parties for seeking to quickly end this

---

5. Malicious publication is a requisite for a slander of title action. *See In re Idella M. Fee Revocable Trust,* 142 S.W.3d 837, 842 (Mo. App.2004).

6. This is why we have noted that summary judgment "is particularly inappropriate" when an underlying issue is state of mind, motivation, or intent. *See Amusement Centers,* 271 S.W.3d at 22.

unpleasant dispute, but this is not a case where the record and reasonable inferences, especially when viewed most favorably to the non-movant,[7] could yield only one legal result. Moreover, although evidence can be weighed at a trial, this cannot be done when the same issues are raised by summary judgment motion.

We do not reach the merits of the case. We find only that summary judgment was inappropriate. We reverse the judgment in all respects and remand for further proceedings.

LYNCH, P.J., and RAHMEYER, J., concur.